William **COAKER**, Plaintiff,

v.

The **GEON COMPANY,** et al., Defendants.

No. 1:95CV0295.

United States District Court, N.D. Ohio, Eastern Division.

July 25, 1995.

**694**

Ellen Simon Sacks, Michael Taylor Pearson, Spangenberg, Shibley, Traci, Lancione & Liber, Cleveland, OH, for plaintiff.

Keith L. Pryatel, Millisor & Nobil, Cleveland, OH, for defendants.

### MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

For the reasons stated below, this Court finds that Keith L. Pryatel cannot represent the co-defendants in this action without violating DR 5–105. Accordingly, this Court orders Pryatel to withdraw from representing either defendant and instructs each defendant to secure independent counsel. Furthermore, this Court denies, without prejudice to refiling, the defendants' motion to dismiss and/or for summary judgment.

### I.

William Coaker brings this action under the ADEA against B.F. Goodrich and the Geon Corporation. According to the complaint, Coaker worked for Geon for about ten years. At the time of Coaker's employment, Geon was an operating division of Goodrich. In March 1993, just one month after Coaker was terminated, Geon became a separate corporate entity.

In its order of June 21, 1995, this Court noted that this case is likely to raise, or has already raised, issues of successor liability among the co-defendants. This Court expressed its concern over the ethical implications of having a single attorney represent both co-defendants. In response to that order, attorney Keith L. Pryatel submitted a statement regarding his concurrent representation of the two defendants in this action, asserting that he can continue to represent both without implicating any ethical rules. To his statement, Pryatel attached letters from the corporate counsel of each of the defendants. Both letters indicate that the defendants have explored the situation independently and have concluded that they wish Pryatel to continue his concurrent representation.

### II.

While the plaintiff in this action has not filed any motion to disqualify Pryatel in this case, a court "has the authority and the duty to prevent a violation of the Code of Professional Responsibility involving conflicts of interest." *Henry Filters, Inc. v. Peabody Barnes, Inc.,* 611 N.E.2d 873, 877, 82 Ohio App.3d 255, 262 (Ohio App. 6 Dist.1992) citing *Royal Indemnity Co. v. J.C. Penney Co.,* 501 N.E.2d 617, 620, 27 Ohio St.3d 31, 34 (Ohio 1986).

DR 5–105 governs an attorney's employment in cases where there is a potential for a conflict between the interests of her or his clients. It provides, in part,

(B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment on behalf of a client will be or is likely to be adversely affected by his representation of another client, except to the extent permitted under DR 5–105(C). (C) In the situations covered by DR 5–105(A) and (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the

interest of each and if each consents to the representation after full disclosure of the possible effects of such representation on the exercise of his independent professional judgment of behalf of each.

DR 5–105(B) and (C).

DR 5–105(C) allows for multiple representation only in narrow circumstances: if it is *obvious* that the attorney can adequately represent both interests, *and* if each client consents to such representation after *full* disclosure of the possible effect of such representation.

*Sarbey v. Nat'l City Bank, Akron,* 583 N.E.2d 392, 400, 66 Ohio App.3d 18, 29 (Ohio App. 9 Dist1990) (emphasis in original).

### III.

■ In this case, the letters from corporate counsel for the two defendants are attached by attorney Pryatel to demonstrate compliance with the requirements of the second prong of DR 5–105(C). This Court does not have any reason to doubt that the letters were secured following full disclosure by Pryatel, or that they represent the independent judgment of the corporate counsel in question. The letters satisfy the second half of the DR 5–105(C) requirements.

In addition to the informed consent of the clients, however, DR 5–105(C) requires that it be *obvious* to the court that the concurrent representation does not compromise the attorney's capacity to fully represent each party's interest. *See* DR 5–105(C); *Sarbey,* 583 N.E.2d at 400, 66 Ohio App.3d at 29.

Having considered the issue, this Court is not convinced that "it is obvious that [Pryatel] can adequately represent the interest of each" client. DR 5–105(C). In fact, there appears to be a present conflict of interest between the two co-defendants with respect to the successor liability issue. Accordingly, Pryatel's continued representation of both clients is not supported by the Code of Professional Responsibility. Because Pryatel has been representing both clients, he cannot simply "decline proffered employment" with one of the two defendants. *See* DR 5–105(A) (requiring an attorney to refuse to represent a client whose interests are, or may be, at odds with those of a current client). The Code of Professional Responsibility requires Pryatel to withdraw from representing either defendant in this case. Accordingly, each defendant is directed to secure independent counsel.[1]

Prior to this Court's initial order regarding Pryatel's conflict of interest, the defendants, through counsel, filed a motion to dismiss and/or for summary judgment. Because the pleading addresses issues which directly implicate the conflict of interest in this matter, this Court dismisses the motion without prejudice to refiling by one or both of the defendants once they have secured new counsel.

### IV.

In sum, this Court finds that conflicts of interest between the co-defendants in this action require Pryatel to withdraw from representing either defendant. Each defendant is ordered to secure independent counsel, who shall file an appearance with the Court within thirty days of the date of this order. Furthermore, the defendants' motion to dismiss and/or for summary judgment is denied without prejudice.

IT IS SO ORDERED.

---

1. This Court reminds the defendants of the provisions of DR 5–105(D): "If a lawyer is required to decline employment or withdraw from employment under DR 5–105, no partner or associate of his or her firm may accept or continue such employment." Accordingly, the defendants may not seek counsel in this matter from the law firm of Millisor & Noble. *See also State v. Lentz,* 639 N.E.2d 784, 786, 70 Ohio St.3d 527, 530 (Ohio 1994).